NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1022

STATE OF LOUISIANA

VERSUS

JESSE D. CARPENTER

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 89,871
HONORABLE J. CHRISTOPHER PETERS

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy H. Ezell, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Walter D. Dorroh, Jr.
Asst. District Attorney, 28th JDC
P. O. Box 1940
Jena, LA 71342
(318) 992-8282
COUNSEL FOR APPELLEE:
    State of Louisiana

David M. Williams
LaSalle Parish Public Defender's Office
P.O. Box 13
Jena, LA 71342
(318) 992-0881
COUNSEL FOR APPELLANT:
    Jesse D. Carpenter

**Decuir, Judge.**

On April 5, 2010, the State filed a bill of information charging the Defendant, Jesse D. Carpenter, with illegal carrying of a weapon while in possession of a controlled dangerous substance, a violation of La.R.S. 14:95(A)(2) & (E). The matter was assigned trial docket number 89,871. The Defendant subsequently waived formal arraignment, entered a plea of not guilty, and a jury trial was set for August 23, 2010. (R.pp. 1-6).

Prior to trial, the Defendant filed a Motion to Suppress which was heard on July 7, 2010. Following the denial of the motion, counsel for the Defendant objected to the trial court's ruling, orally moved to appeal the ruling, and requested a transcript of the hearing. (R.pp. 31-32, 34, 64-65).

This court received the appeal record in this matter on August 19, 2010, and lodged it under docket number 10-1022. On August 23, 2010, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is not an appealable judgment. La.Code Crim.P. art. 912.1. The Defendant did not file a response to the rule to show cause.

Louisiana Code of Criminal Procedure Article 912 provides in pertinent part:

> A. Only a final judgment or ruling is appealable.
>
> . . . .
>
> C. The judgments or rulings from which the defendant may appeal include, but are not limited to:
>
>> (1) A judgment which imposes sentence;
>>
>> (2) A ruling upon a motion by the state declaring the present insanity of the defendant;

Louisiana Code of Criminal Procedure Article 912.1 provides in pertinent part:

B. (1) The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A or Subparagraph (2) of this Paragraph.

The Defendant has not been convicted and sentenced in the instant matter, nor does the instant appeal involve a ruling regarding the Defendant's sanity. Accordingly, the Defendant is not entitled to an appeal, and the appeal in the above-captioned case is hereby dismissed.

However, said judgment is properly reviewable by an application for supervisory writs. Therefore, Defendant-Appellant, Jesse D. Carpenter, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

2